UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWIGHT RASHAD,

    Petitioner,

v.

    CASE NO. 2:08-CV-14983
    HONORABLE VICTORIA A. ROBERTS
    UNITED STATES DISTRICT JUDGE

BLAINE LAFLER,

    Respondent.
_____/

## OPINION AND ORDER GRANTING IN PART PETITIONER'S MOTION FOR ACCESS TO CASE AUTHORITIES AVAILABLE ONLY IN ELECTRONIC DATABASES AND OTHER ACCESS-LIMITED PUBLICATIONS

Dwight Rashad, ("Petitioner"), presently confined at the Carson City Correctional Facility in Carson City, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, Petitioner challenges his conviction for possession of over 650 grams of cocaine, M.C.L.A. 333.7403(2)(a)(i). Respondent has yet to respond to the petition for writ of habeas corpus and has until June 8, 2009 to do so.

Petitioner has filed a motion for access to case authorities that are available only in electronic databases such as LEXIS and WESTLAW, which he does not have access to as a prisoner, as well as to certain volumes of certain published federal and state cases that are not currently part of the prison library where Petitioner is incarcerated. Petitioner has asked this Court to issue an order requiring respondent's counsel to provide Petitioner with paper copies of any unreported decisions or unavailable decisions that he or she cites to in the answer to the petition for writ of habeas corpus, so that he can respond to

1

Respondent's answer. In the alternative, Petitioner asks this Court to order the prison librarian to provide him with paper copies of any such unreported decisions, unavailable opinions, or decisions.

This Court is concerned about the impact on the appearance of justice when an incarcerated *pro se* litigant like Petitioner lacks access to cases or court rules that are available only on electronic databases like LEXIS and WESTLAW, "thereby hampering the litigants' opportunities to understand and assert their legal rights." *See Lebron v. Sanders,* 557 F.3d 76, 78 (2nd Cir. 2009). [1] Because it appears that Petitioner lacks access to these electronic databases at the prison library, this Court will order respondent's counsel to provide Petitioner with paper copies of any unpublished decisions and electronically-available-only opinions that he or she may cite to in their answer to the petition. *Id.* at 79. Because the prison library lacks certain hard bound volumes of published cases, this Court will further order respondent to provide paper copies of any decisions that it might cite to from the following volumes, which Petitioner claims are unavailable at his prison library: The United States Supreme Court Reporter, Volumes 1-89; Federal Reporter, 2nd Series, Volumes 1-420; Federal Supplement, Volumes 1-306; Michigan Reports, Volumes 1-377; and Michigan Appeals Reports, Volumes 1-147.

To the extent that Petitioner is asking this Court to order improvements at the prison library at the Carson City Correctional Facility, he should bring this as a separate

---

[1] This opinion amends and supersedes the original opinion cited to by Petitioner in his motion.

civil rights action under 42 U.S.C. § 1983.  An inmate should bring a claim challenging the conditions of confinement as a civil rights action under 42 U.S.C. § 1983. *See Lutz v. Hemingway,* 476 F. Supp. 2d 715, 718 (E.D. Mich. 2007).  Petitioner's claim that he is being denied meaningful access to a law library should not be brought as part of this habeas action, but should instead be brought as a separate civil action under § 1983. *See Veal v. Cooper,* 936 F. Supp. 511, 512, n. 2 (N.D. Ill. 1996).  Moreover, because Petitioner is currently incarcerated in the Carson City Correctional Facility, the Court concludes that venue for any § 1983 lawsuit would lie in the Western District of Michigan, where Petitioner is confined and where he alleges that he has been denied access to the law library. *Hinds v. State of Tennessee,* 888 F. Supp. 854, 856 (W.D. Tenn. 1995).

Based upon the foregoing, the motion for access to case authorities is **GRANTED IN PART**.  Respondent's counsel shall provide Petitioner with paper copies of any unpublished decisions and electronically-available-only opinions that he or she may cite to in their answer to the petition, as well as any published decisions from the volumes listed above that are not available to Petitioner.

                                              S/Victoria A. Roberts
                                              Victoria A. Roberts
                                              United States District Judge

Dated:  April 10, 2009

The undersigned certifies that a copy of this document was served on the attorneys of record and Dwight Rashad by electronic means or U.S. Mail on April 10, 2009.

s/Carol A. Pinegar
Deputy Clerk