UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWIGHT RASHAD,

    Petitioner,                             Civil No. 2:08-14983
                                                HONORABLE VICTORIA A. ROBERTS
v.                                         UNITED STATES DISTRICT JUDGE

BLAINE LAFLER,

    Respondent,
_____/

**<u>ORDER DENYING THE MOTION FOR THE APPOINTMENT OF COUNSEL</u>**

Before the Court is habeas petitioner Dwight Rashad's motion for the appointment of counsel.

The Court will deny the motion for the appointment of counsel. There is no constitutional right to counsel in habeas proceedings. *Cobas v. Burgess,* 306 F. 3d 441, 444 (6th Cir. 2002). The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require. *Mira v. Marshall*, 806 F. 2d 636, 638 (6th Cir. 1986). "Habeas corpus is an extraordinary remedy for unusual cases" and the appointment of counsel is therefore required only if, given the difficulty of the case and petitioner's ability, the petitioner could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have a reasonable chance of winning with the assistance of counsel. *See Thirkield v. Pitcher,* 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002). Appointment of counsel in a habeas proceeding is mandatory only if the district court determines that an

evidentiary hearing is required. *Lemeshko v. Wrona,* 325 F. Supp. 2d 778, 787 (E.D. Mich. 2004). If no evidentiary hearing is necessary, the appointment of counsel in a habeas case remains discretionary. *Id.*

Counsel may be appointed, in exceptional cases, for a prisoner appearing *pro se* in a habeas action. *Lemeshko*, 325 F. Supp. 2d at 788. The exceptional circumstances justifying the appointment of counsel to represent a prisoner acting *pro se* in a habeas action occur where a petitioner has made a colorable claim, but lacks the means to adequately investigate, prepare, or present the claim. *Id.*

In the present case, Petitioner has filed a fifteen page petition for writ of habeas corpus, in which he raises six claims for relief. Petitioner has cited to numerous federal and state cases in his petition. Petitioner has also attached to his petition his application for leave to appeal to the Michigan Supreme Court and his brief on appeal to the Michigan Court of Appeals from his direct appeal, as well as various pleadings from his state post-conviction proceedings. The Court is willing to incorporate the arguments raised in these appellate court pleadings as part of Petitioner's application for writ of habeas corpus. *See e.g. Guidroz v. Lynaugh,* 852 F. 2d 832, 834 (5th Cir. 1988). Petitioner has also attached numerous exhibits to his petition. Finally, Petitioner has filed a ten page reply brief. Petitioner therefore has the means and ability to present his claims to the court. Furthermore, until the Court reviews the pleadings and the Rule 5 materials filed in this case, the Court is unable to determine whether an evidentiary hearing is necessary or required. Thus, the interests of justice at this point in time do not require appointment

of counsel. 18 U.S.C. § 3006A(a)(2)(B); 28 U.S.C. foll. § 2254, Rules 6(a) and 8(c).

Accordingly, the Court **DENIES** the motion for appointment of counsel [Court Dkt. # 3] without prejudice.  The Court will reconsider the motion if, following review of the responsive pleadings and Rule 5 materials, the Court determines that appointment of counsel is necessary.

### ORDER

Based upon the foregoing, the motion for appointment of counsel is **DENIED.**


        **S/Victoria A. Roberts**
        **Victoria A. Roberts**
        **United States District Judge**

**Dated:  July 17, 2009**

> **The undersigned certifies that a copy of this document was served on the attorneys of record and Dwight Rashad by electronic means or U.S. Mail on July 17, 2009.**
>
> **s/Carol A. Pinegar**
> **Deputy Clerk**