# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DWIGHT RASHAD,

      Petitioner,

                                  CASE NO. 2:08-CV-14983

v.                                HONORABLE VICTORIA A. ROBERTS
                                  UNITED STATES DISTRICT JUDGE

BLAINE LAFLER,

      Respondent.

_____/

## OPINION AND ORDER DENYING THE
## PETITION FOR WRIT OF HABEAS CORPUS

Dwight Rashad, ("Petitioner"), confined at the Carson City Correctional Facility in Carson City, Michigan, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, Petitioner challenges his conviction for possession of 650 or more grams of cocaine, M.C.L.A. 333.7403(2)(a)(i). For the reasons stated below, the application for writ of habeas corpus is **DENIED.**

## I. Background

Petitioner was originally charged with possession with intent to deliver of 650 or more grams of cocaine. Following a jury trial in the Detroit Recorder's Court,[1] Petitioner was convicted of the cognate offense of possession of 650 or more grams of cocaine. On May 22, 1989, Petitioner was sentenced to forty to one hundred years in prison after the

---

[1] In 1996, the Michigan Legislature abolished the Detroit Recorder's Court and merged its functions with the Wayne County Circuit Court. *See Redmond v. Jackson,* 295 F. Supp. 2d 767, 769, n. 1 (E.D. Mich. 2003)(citing *Anthony v. Michigan,* 35 F. Supp. 2d 989, 996-97 (E.D. Mich. 1999)).

trial court judge ruled that the mandatory sentence of life imprisonment without parole, in effect at the time of Petitioner's conviction, was unconstitutional.

This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith,* --- F.3d ----, No. 2009 WL 3029654, * 1 (6th Cir. September 24, 2009):

> On September 7, 1988, the police confiscated over 650 grams of cocaine from the home pursuant to a valid search warrant. Defendant was arrested and charged with possession in excess of 650 grams with intent to deliver. On that same day a narcotics dog detected contraband in a 1988 Lincoln parked in the driveway. The police observed cocaine residue in the Lincoln but after a search they concluded that there were no drugs in the vehicle. However, the Lincoln was impounded because it was subject to forfeiture action. Subsequently, an informant informed the police that the Lincoln contained contraband. On September 22, 1988, a search warrant for the vehicle was obtained and it was searched. The police confiscated over 650 grams of cocaine from a quarter panel of the vehicle, bundles of heroin, a gun, and defendant's driver's license. Defendant was charged with possession in excess of over 650 grams with intent to deliver.
> *People v. Rashad,* Nos. 118136, 118777, 124060 (Mich.Ct.App. June 23, 1992). [2]

The Michigan Court of Appeals affirmed Petitioner's conviction, but reversed Petitioner's sentence of forty to one hundred years and remanded the matter to the trial court for resentencing. *Id.* Petitioner's application for leave to appeal to the Michigan Supreme Court was denied. *People v. Rashad,* 442 Mich. 905; 503 N.W.2d 445 (1993).

---

[2] Petitioner was separately convicted in another trial of possession with intent to deliver 650 or more grams of cocaine. This conviction was vacated after another judge in this district granted Petitioner habeas relief on the ground that this second conviction arising from the same incident violated Petitioner's Fifth Amendment right against Double Jeopardy. *See Rashad v. Burt,* No. 94-CV-71785-DT (E.D. Mich. November 30, 1995)(Borman, J.); *aff'd* 108 F. 3d 677 (6th Cir. 1997). Petitioner's original direct appeal in the Michigan Court of Appeals was a consolidation of the two appeals of these two separate convictions, as well as the prosecutor's appeal of Petitioner's sentence of forty to one hundred years in this case.

Petitioner was not resentenced for almost twelve years. In March of 2004, Petitioner retained new counsel, who filed a motion for resentencing in the Wayne County Circuit Court. On May 14, 2004, Petitioner was resentenced to life imprisonment with the possibility of parole. Petitioner's new sentence was affirmed on appeal. *People v. Rashad,* No. 255819 (Mich.Ct.App. November 22, 2005); *lv. den.* 475 Mich. 868; 714 N.W.2d 311 (2006).

In March of 2007, Petitioner filed a motion for relief from judgment pursuant to M.C.R. 6.500, *et. seq.,* which the trial court denied. *People v. Rashad,* No. 88-11275 (Wayne County Circuit Court, April 11, 2007); *reconsideration den.* June 12, 2007. The Michigan appellate courts denied Petitioner's post-conviction appeal. *People v. Rashad,* No. 282453 (Mich.Ct.App. March 27, 2008); *lv. den.* 482 Mich. 1029; 769 N.W.2d 213 (2008).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. The trial court erred when it instructed the jury on aiding and abetting over objection of Petitioner-Appellant.

II. MCL 769.32(2); MSA 28.1055(2), constitutes an absolute bar to a jury instruction on possession of cocaine in excess of 650 grams where Petitioner is charged with possession with intent to distribute cocaine in excess of 650 grams.

III. The search of Petitioner's brief case and seizure of a key from within constituted an unreasonable search and seizure.

IV. Petitioner is entitled to re-sentencing because he should have been re-sentenced under the new amendments to the drug sentencing laws.

V. Petitioner's sentence for possession of 650 grams is a violation of due

3

process and equal protection of the law, where the penalty is significantly more serious than that for the offense of delivery of over 650 grams of cocaine.

VI. Petitioner was denied the effective assistance of appellate counsel where his attorney did not raise the above issues [Claim V] during his appeal by right.

## II.  Standard of Review

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409.  A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

4

### III.  Discussion

### A.  Claims # 1, # 2, and # 3.  The statute of limitations issue.

Respondent contends that Petitioner's first three claims, which challenge his underlying conviction, are barred by the statute of limitations contained within 28 U.S.C.§ 2244(d), because Petitioner's habeas application was not filed within one year of his conviction becoming final.  In response, Petitioner contends that his judgment of conviction did not become final, for purposes of commencing the one year statute of limitations, until he was resentenced in 2004 and the appeal from his resentencing was completed.

Respondent's position has some merit.  Although the Sixth Circuit has held that "the one-year statute of limitations begins to run on a habeas petition that challenges a resentencing judgment on the date that the resentencing judgment became final, rather than the date that the original conviction became final," *See Linscott v. Rose,* 436 F. 3d 587, 591 (6th Cir. 2006), the holding in *Linscott* "expressly restricts itself to petitions that challenge the resentencing decision itself--that is, to petitions that bring legal challenges to the same event that causes the restarting of the statute of limitations clock." *See Bachman v. Bagley,* 487 F. 3d 979, 982 (6th Cir. 2007).  Thus, although Sixth Circuit caselaw allows habeas petitioners to challenge their resentencing within a year of that decision becoming final, none of these cases undermines the Sixth Circuit's rule that habeas challenges to the underlying conviction and sentence must be made within one year of the conclusion of direct review of the original sentencing decision. *Bachman,* 487

5

F. 3d at 985; *See also DiCenzi v. Rose,* 452 F.3d 465, 469 (6th Cir. 2006).

This Court has some concern, however, whether the holding in *Bachman* has been undermined by the U.S. Supreme Court's decision in *Burton v. Stewart*, 549 U.S. 147 (2007), where the Supreme Court concluded that for purposes of the habeas statute of limitations, "[f]inal judgment in a criminal case means the sentence. The sentence is the judgment." *Id*. at 156-57 (*quoting Berman v. United States*, 302 U.S. 211, 212 (1937)). At least one district court has concluded that in light of the Supreme Court's holding in *Burton,* the finality for limitations purposes is calculated from a resentencing judgment. *See Hess v. Ryan,*--- F.Supp.2d ----, No. 2009 WL 2706961, * 11-13 (D. Ariz. August 25, 2009).

Although the issue of whether a claim is procedurally barred should ordinarily be resolved first, "judicial economy sometimes dictates reaching the merits [of a claim or claims] if the merits are easily resolvable against a petitioner while the procedural bar issues are complicated." *Barrett v. Acevedo,* 169 F. 3d 1155, 1162 (8th Cir. 1999)(internal citations omitted). Because the statute of limitations does not constitute a jurisdictional bar to habeas review, a federal court, can, in the interest of judicial economy, proceed to the merits of a habeas petition. *See Smith v. State of Ohio Dept. of Rehabilitation,* 463 F. 3d 426, 429, n. 2 (6th Cir. 2006)(quoting *Trussell v. Bowersox,* 447 F. 3d 588, 590 (8th Cir. 2006)). Simply put, this Court need not resolve the dispute over the timeliness of petitioner habeas application. Assuming without deciding that the current petition was timely, Petitioner's habeas application fails on the merits. *See Ahart v. Bradshaw,* 122

Fed. Appx. 188, 192 (6th Cir. 2005).

**B. Claims # 1 and # 2. The jury instruction claims.**

The Court will consider Petitioner's first two claims together for judicial economy. In his first claim, Petitioner contends that the trial court erred in giving the jury an instruction on aiding and abetting. In his second claim, Petitioner claims that the trial court erred in instructing the jury on the offense of possession of 650 or more grams of cocaine, in light of the fact that Petitioner was originally charged with possession with intent to deliver over 650 grams of cocaine.

The burden of demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack upon the constitutional validity of a state court conviction is even greater than the showing required in a direct appeal. The question in such a collateral proceeding is whether the ailing instruction so infected the entire trial that the resulting conviction violates due process, not merely whether the instruction is undesirable, erroneous, or even "universally condemned", and an omission or incomplete instruction is less likely to be prejudicial than a misstatement of the law. *Henderson v. Kibbee*, 431 U.S. 145, 154-55 (1977). The challenged instruction may not be judged in artificial isolation but must be considered in the context of the instructions as a whole and the trial court record. *Grant v. Rivers*, 920 F. Supp. 769, 784 (E.D. Mich. 1996). To warrant habeas relief, the jury instructions must not only have been erroneous, but also, taken as a whole, so infirm that they rendered the entire trial fundamentally unfair. *Scott v. Mitchell*, 209 F. 3d 854, 882 (6th Cir. 2000).

7

The Michigan Court of Appeals rejected Petitioner's first instructional error claim, finding that there was sufficient evidence on the record to support an instruction on aiding and abetting, in light of the fact that Petitioner was present at the house when the police executed the search warrant and discovered 650 grams of cocaine in the basement storage area.  Attached to Petitioner's key ring was a key to the padlock on the door to the storage area.  Petitioner's counsel argued that someone other than Petitioner had placed the cocaine in the basement storage area.  The Michigan Court of Appeals reasoned that if the jury believed Petitioner's argument, they could find that he and another person acted in concert. *Rashad,* Slip. Op. at * 2.

The trial court's instruction on aider and abettor liability did not deprive Petitioner of a fair trial, in light of the fact that Petitioner argued at trial that someone else had placed the cocaine in the basement storage area. *See Davie v. Mitchell,* 291 F. Supp. 2d 573, 608 (N.D. Ohio 2003)(state trial court's jury instruction as to aider and abettor or accomplice culpability did not deprive petitioner of fundamental fairness or amount to a clear violation of due process, as required to support claim for federal habeas relief; instruction was proper response to petitioner's defense that other person had committed murders).

Moreover, the Michigan Court of Appeals determined that under Michigan law it was proper under the facts of this case to give the jury an instruction on aiding and abetting.  Federal courts are bound by the state courts' interpretation of their own laws. *See Mullaney v. Wilbur*, 421 U.S. 684, 690-91 1975).  The nature of a particular jury

8

instruction that is given is a matter of state law, and a federal court is not at liberty to grant a writ of habeas corpus simply because the federal court finds the state court's decision was incorrect under state law. *See Newton v. Million*, 349 F.3d 873, 879 (6th Cir. 2003). Where a state appeals court finds that the instruction given by the trial court accurately reflected state law, this Court must defer to that determination and cannot question it. *See Seymour v. Walker*, 224 F. 3d 542, 558 (6th Cir. 2000). Because the Michigan Court of Appeals determined that it was proper for the trial court to give the jury an instruction on aiding and abetting, Petitioner is not entitled to habeas relief on this claim. *See e.g. Williams v. Withrow,* 328 F. Supp. 2d 735, 752-53 (E.D. Mich. 2004).

In his second claim, Petitioner contends that the trial court erred in instructing the jury on the offense of possession of 650 or more grams of cocaine, in light of the fact that he was originally charged with possession with intent to deliver 650 or more grams of cocaine. Petitioner contends that M.C.L.A. 768.32(2) bars a trial court from instructing jurors on lesser included offenses where a defendant is charged with a major controlled substance offense, such as possession with intent to deliver 650 or more grams of cocaine.

The Michigan Court of Appeals rejected Petitioner's claim, on the ground that possession of 650 or more grams of cocaine is a cognate offense of possession with intent to deliver 650 or more grams of cocaine, rather than a lesser included offense. *Rashad,* Slip. Op. at * 3. The Michigan Court of Appeals further concluded that the evidence supported an instruction on the offense of possession of 650 or more grams of

9

cocaine. *Id.*

By definition, cognate offenses such as possession of 650 or more grams of cocaine do not meet the definition of lesser-included offenses because they are "related and hence 'cognate' in the sense that they share several elements, and are of the same class or category, but may contain some elements not found in the higher offense." *Williams,* 328 F. Supp. 2d at 749 (*quoting United States v. Colon*, 268 F. 3d 367, 373 (6th Cir. 2001)).  The Michigan Court of Appeals determined that it was proper to instruct the jury on the cognate offense of possession of 650 or more grams of cocaine.  Because the Michigan Court of Appeals determined that the instruction given by the trial court accurately reflected state law, this Court must defer to that determination and cannot question it. *Seymour*, 224 F. 3d at 558.  Petitioner is not entitled to habeas relief on his first and second claims.

### C.  Claim # 3.  The illegal search and seizure claim.

Petitioner next contends that the search of Petitioner's briefcase and the seizure of a key from that briefcase violated his Fourth Amendment right against unreasonable searches and seizures.

Prior to trial, Petitioner's counsel filed several motions to suppress the evidence, which were heard on the day the trial was to begin (Tr. 4/12/89, pp. 6-30).  Petitioner's counsel alleged that certain information contained in the affidavit supporting the search warrant was false.  Defense counsel claimed that he had an affidavit from Sheila Buffkin, which stated that she was a single woman, that she did not run a "dope operation" or

10

"distribution point" at the house in question, and that she did not live there.  Buffkin's statements were contrary to allegations found in the search warrant affidavit.

In response to defense counsel's allegation that the police fabricated the undisclosed informant, the court ordered the prosecution to produce the informant (*Id.,* at pp. 16-18).  The prosecutor responded that the defense had no standing to raise the issue (*Id.* at pp. 20-22). A statement made by Ms. Buffkin to the police was read into the record.  Buffkin had informed the police that she lived at and owned the house located at 20219 Greydale in Detroit, that Petitioner was the father of her child, that the cocaine in the basement belonged to Petitioner, that he had the keys to the area where the drugs were kept, that he told her not to let anyone in the area where the drugs were stored, and, that they were not dating " ...because of the dope transaction and too many friends in my house." (*Id.* at pp. 24-26).  The prosecutor argued that the statement showed that Petitioner did not live in the house and had no expectation of privacy or standing to contest the search warrant.  The trial court rejected the prosecutor's argument and ruled that Petitioner had an expectation of privacy and, thus, had standing to raise the issue involving the search and seizure. (*Id.* at p. 28).

However, when Petitioner's counsel failed to appear at the appointed time for the evidentiary hearing, the court determined that the issues had been waived (*Id.* at pp. 38-43).

After the jury was selected, the trial court judge indicated for the record that she had contacted the informant in question.  The judge indicated that after having conducted

11

an interrogation, she was convinced that that person was the·informant in this case.  The judge indicated that she believed "everything the SOI said to me." (*Id.* at pp. 119-120).

The Michigan Court of Appeals denied Petitioner's various challenges to the validity of the search and seizure on appeal. *Rashad,* Slip. Op. at * 2, 4.

A federal habeas review of a petitioner's arrest or search by state police is barred where the state has provided a full and fair opportunity to litigate an illegal arrest or a search and seizure claim. *Stone v. Powell*, 428 U.S. 465, 494-495 (1976); *Machacek v. Hofbauer*, 213 F. 3d 947, 952 (6th Cir. 2000).  For such an opportunity to have existed, the state must have provided, in the abstract, a mechanism by which the petitioner could raise the claim, and presentation of the claim must not have been frustrated by a failure of that mechanism. *Riley v. Gray*, 674 F. 2d 522, 526 (6th Cir. 1982).  The relevant inquiry is whether a habeas petitioner had an opportunity to litigate his claims, not whether he in fact did so or even whether the Fourth Amendment claim was correctly decided. *See Wynne v. Renico,* 279 F. Supp. 2d 866, 892 (E.D. Mich. 2003).

Therefore, on federal habeas review, a federal court cannot re-examine a petitioner's Fourth Amendment claim that evidence should have been suppressed as "poisonous fruit" of his or her illegal arrest or search, where the state provided an opportunity for full and fair litigation of the habeas petitioner's Fourth Amendment claim prior to trial. *See Walendzinski v. Renico,* 354 F. Supp. 2d 752, 759 (E.D. Mich. 2005); *See also Monroe v. Smith,* 197 F. Supp. 2d 753, 766 (E.D. Mich. 2001).

The mere fact that the trial court ruled on the motion to suppress evidence without

12

conducting an evidentiary hearing does not constitute a denial of a full and fair opportunity to litigate. *See Sanders v. Oliver*, 611 F. 2d 804, 808 (10th Cir. 1979)(state trial court's refusal to hear testimony on factual allegations at suppression hearing did not deny the petitioner an opportunity to fully and fairly litigate his illegal arrest claim where a prior hearing before a state magistrate court had been full and unrestricted and included a complete examination of the police officer by the petitioner); *see also Gonzalez v. Superintendent, Sullivan Corr. Facility*, 761 F. Supp. 973, 976-77 (E.D.N.Y.1991)(state procedures afforded petitioner full and fair opportunity to litigate illegal arrest claim despite the fact that both the trial and appellate courts denied his motion for a probable cause hearing on the ground that insufficient facts were asserted to warrant an evidentiary hearing); *Mack v. Cupp*, 564 F. 2d 898, 901 (9th Cir.1977)(habeas review not warranted where state trial court's decision not to hold an evidentiary hearing on a Fourth Amendment claim was based on finding that the petitioner's factual allegations did not conflict with the police affidavits).

Moreover, the opportunity to litigate encompasses more than an evidentiary hearing in the trial court.  It also includes corrective action available through the appellate process on direct review of the conviction. *See Pulver v. Cunningham*, 419 F.Supp. 1221, 1224 (S.D.N.Y.1976); *See also Atkinson v. Portuondo,* 269 F. Supp. 2d 57, 63 (E.D.N.Y. 2003)(habeas petitioner was not deprived of full and fair opportunity to litigate Fourth Amendment claim that was raised in postconviction proceedings and denied by the trial court on the ground that the pleadings were defective, where the

13

appellate court granted leave to raise claim on direct appeal).  Because all of the material

facts were before the state appellate courts on direct review, the Michigan Court of

Appeals addressed the relevant factual and procedural issues, and the appellate process

was not otherwise deficient, Petitioner had a full and fair opportunity to litigate his

Fourth Amendment claims.  Accordingly, his claim concerning the validity of the search

and seizure this case is non-cognizable on habeas review. *Pulver,* 419 F. Supp. at 1224.

### D.  Claims # 4 and # 5.  The sentencing claims.

The Court will consolidate Petitioner's sentencing claims for judicial economy.

In his fourth and fifth claims, Petitioner brings various challenges to his sentence.

Respondent contends that Petitioner's fourth claim is procedurally defaulted

because Petitioner failed to preserve the issue at his resentencing and that Petitioner's

fifth claim is procedurally defaulted because Petitioner raised the claim for the first time

on his post-conviction motion for relief from judgment and is unable to show cause and

prejudice, as required under M.C.R. 6.508(D), for failing to raise the claim on his direct

appeal.

This Court notes that procedural default is not a jurisdictional bar to review of a

habeas petition the merits. *See Trest v. Cain*, 522 U.S. 87, 89 (1997).  In addition,

"[F]ederal courts are not required to address a procedural-default issue before deciding

against the petitioner on the merits." *Hudson v. Jones*, 351 F. 3d 212, 215 (6th

Cir.2003)(citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)).  "Judicial economy

might counsel giving the [other] question priority, for example, if it were easily

14

resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law." *Lambrix*, 520 U.S. at 525.  In this case, in light of the fact that Petitioner's sentencing claims are non-cognizable or without merit, it is easier for the Court to address the merits of the claims.

At the time of Petitioner's trial and conviction, the penalty for possession of 650 or more grams of cocaine carried a mandatory nonparolable life sentence.  The trial court found this provision to be unconstitutional and sentenced Petitioner to forty to one hundred years in prison.  The Michigan Court of Appeals reversed the sentence and remanded the case to the trial court for re-sentencing.

Subsequent to Petitioner's conviction, but prior to his resentencing, the Michigan Supreme Court decided the case of *People v. Bullock*, 440 Mich. 15, 485 N.W.2d 866 (1992), in which that court held that a mandatory sentence of life imprisonment without parole violated the Michigan Constitution's ban on "cruel or unusual punishments." *Id.* at 37-41.  To remedy the constitutional infirmity of the statute, the Supreme Court ordered that all persons convicted under the statute be granted "the parole consideration otherwise available upon completion of ten calender years of the sentence." *Id.* at 42.

On remand, Petitioner was resentenced to a parolable life sentence, consistent with the holding in *Bullock*.

This Court initially notes that consistent with the holding in *Bullock,* Petitioner's sentence of life imprisonment with the possibility of parole was within the statutory limits for the crime of possession of 650 or more grams at the time of the offense.  A

15

sentence imposed within the statutory limits is not generally subject to habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999).  A sentence within the statutory maximum set by statute does not normally constitute cruel and unusual punishment. *Austin v. Jackson*, 213 F. 3d 298, 302 (6th Cir. 2000); *See also Foster v. Withrow,* 159 F. Supp. 2d 629, 645 (E.D. Mich. 2001). Claims which arise out of a state trial court's sentencing decision are not normally cognizable on federal habeas review, unless the habeas petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law. *See Vliet v. Renico,* 193 F. Supp. 2d 1010, 1014 (E.D. Mich. 2002).

Petitioner initially claims that he should be resentenced under the new, more lenient sentencing provisions of Michigan's controlled substances laws, contending that 2002 P.A. 665, which reduced the penalties for his offense, should be applied retroactively to his case.  Effective March 1, 2003, the Michigan's Controlled Substances Act was amended pursuant to 2002 P.A. 665 to provide for different penalty schemes. Petitioner contends that he should be resentenced under these new, more lenient, sentencing provisions.

A habeas petitioner serving a state sentence has no federal constitutional right to retroactive application of more lenient state sentencing rules and is therefore not entitled to federal habeas relief on that ground. *See Dockins v. Hines,* 374 F. 3d 935, 940 (10th Cir. 2004); *See also Maples v. Stegall*, 175 F. Supp. 2d 918, 923-24 (E.D. Mich. 2001); *rev'd on other grds,* 340 F. 3d 433 (6th Cir. 2003)(petitioner not entitled to habeas relief

16

on claim involving the non-retroactivity of Michigan's new sentencing guidelines).  In addition, the Michigan Court of Appeals has held that the new sentencing provisions contained within 2002 P.A. 665 should be applied only prospectively and only to those offenses committed on or after the effective date of the legislation, March 1, 2003. *See People v. Doxey,* 263 Mich. App. 115, 122; 687 N.W. 2d 360 (2004); *lv. den.* 472 Mich. 878; 693 N.W. 2d 818 (2005).  Petitioner does not deny that the offense that he was convicted of occurred prior to the enactment date of 2002 P.A. 665.  Because the Michigan Court of Appeals has held that the provisions of 2002 P.A. 665 do not apply retroactively, Petitioner's claim that the trial court should have resentenced him under the amended penalties contained in this Public Act does not merit habeas relief. *See Snook v. Wood,* 89 F. 3d 605, 611 (9th Cir. 1996).

In his related fifth claim, Petitioner contends that he is being denied the equal protection of the law and due process because other defendants who have been convicted subsequent to the amendment of Michigan's controlled substances law have received lesser sentences for possessing the same, or greater, quantities of cocaine or heroin. There is no constitutional requirement that persons convicted of the same offenses receive identical sentences. *Williams v. Illinois*, 399 U.S. 235, 243 (1970).  A state legislature may therefore prospectively reduce the maximum penalty for a crime even though prisoners sentenced to the maximum penalty before the effective date of the act would serve a longer term of imprisonment than a prisoner sentenced to the maximum term thereafter. *See Frazier v. Manson,* 703 F. 2d 30, 36 (2nd Cir. 1983).  Petitioner is not

17

entitled to habeas relief on his fourth or fifth claims.

**E.  Claim # 6.  The ineffective assistance of appellate counsel claim.**

Petitioner lastly contends that his appellate counsel was ineffective for failing to raise the equal protection argument raised in his fifth claim on the appeal from his resentencing. [3]

The Sixth Amendment guarantees a defendant the right to the effective assistance of counsel on the first appeal by right. *Evitts v. Lucey*, 469 U.S. 387, 396-397 (1985). However, court appointed counsel does not have a constitutional duty to raise every nonfrivolous issue requested by a defendant. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F. 2d 56, 59 (6th Cir. 1990). "Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of appellate counsel be overcome." *Monzo v. Edwards,* 281 F. 3d 568, 579 (6th Cir. 2002)(internal quotations omitted).  In fact, winnowing out weaker issues on appeal is actually "the hallmark of effective appellate advocacy." *Id.* (*quoting Smith v. Murray,* 477 U.S. 527, 536 (1986)).  Appellate counsel may deliver deficient performance and prejudice a defendant by omitting a "dead-bang winner," which is defined as an issue which was obvious from the trial

---

[3]  Although Petitioner had already filed an appeal of right from his conviction, the Michigan Court of Appeals had remanded his case for resentencing.  A defendant who has already taken an appeal of right from the judgment of conviction could also take a second appeal of right from an order of resentencing following a remand from the Michigan Court of Appeals to the trial court for resentencing. *People v. Jones,* 394 Mich. 434, 435-436; 231 N.W. 2d 649 (1975).

record and would have resulted in a reversal on appeal. *See Meade v. Lavigne,* 265 F. Supp. 2d 849, 870 (E.D. Mich. 2003).

In the present case, although appellate counsel did not bring an equal protection challenge to Petitioner's sentence, she did argue on appeal that Petitioner was entitled to retroactive application of Michigan's new sentencing laws. In her brief, appellate counsel argued that retroactive application of the new sentencing laws would allow for more individualized sentencings that would be better tailored to the offense and to the offender. Petitioner has failed to show that appellate counsel's decision to raise the retroactivity issue in this manner without raising an equal protection argument was deficient.

Moreover, because Petitioner's equal protection challenge to his sentence is without merit, appellate counsel's failure to raise this sentencing issue did not constitute ineffective assistance of appellate counsel. *See Siebert. v. Jackson,* 205 F. Supp. 2d 727, 735 (E.D. Mich. 2002). Petitioner is not entitled to habeas relief on his sixth claim.

## IV. <u>Conclusion</u>

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to Petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were

19

adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States,* 310 F. 3d 900, 901 (6th Cir. 2002).

The Court will deny Petitioner a Certificate of Appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. Jurists of reason would not find this Court's resolution of Petitioner's claims to be debatable or that he should receive encouragement to proceed further. *Siebert,* 205 F. Supp. 2d at 735.

Although this Court will deny a certificate of appealability to Petitioner, the standard for granting an application for leave to proceed *in forma pauperis* (IFP) is a lower standard than the standard for certificates of appealability. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002)(citing *United States v. Youngblood*, 116 F. 3d 1113, 1115 (5th Cir. 1997)). Whereas a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right , a court may grant IFP status if it finds that an appeal is being taken in good faith. *Id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Foster,* 208 F. Supp. 2d at 765. Although jurists of reason would not

20

debate this Court's resolution of Petitioner's claim, the issues are not frivolous;

therefore, an appeal could be taken in good faith and Petitioner may proceed *in forma*

*pauperis* on appeal. *Id.*

## V.   ORDER

IT IS ORDERED that the Petition for Writ of Habeas Corpus is **DENIED.**

IT IS FURTHER ORDERED That a Certificate of Appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **GRANTED** leave to appeal *in*

*forma pauperis.*

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  October 6, 2009

The undersigned certifies that a copy of this
document was served on the attorneys of record
and Dwight Rashad by electronic means or U.S.
Mail on October 6, 2009.

s/Carol A. Pinegar
Deputy Clerk

21